LUCY T. ST. CLAIR, APPELLANT, v. SAMUEL H. SEDG-WICK ET AL., APPELLEES.

FILED MARCH 6, 1894. No. 5115.

1. **Estrepement:** EVIDENCE: INJUNCTION. An action against one in possession of real estate to restrain alleged commissions of waste thereon was properly dismissed when the court found from the proofs that no waste had been contemplated or committed by either of the defendants.

2. **Action to Restrain Commission of Waste:** LIEN ON NURSERY STOCK: DECREE. Where one has instituted proceedings to prevent the commission of waste upon real property and for general equitable relief, and the defendant in such suit has pleaded and proved his rightful possession of certain nursery stock growing on the premises to secure part of the purchase price of said stock remaining unpaid, *held*, that the court, in conformity with the prayer of said defendant's answer, properly decreed that such nursery stock should be sold on execution to pay the amount found remaining due.

APPEAL from the district court of York county. Heard below before MILLER, J.

*George B. France* and *Merton Meeker*, for appellant.

*Sedgwick & Power* and *George W. Bemis*, contra.

RYAN, C.

In her petition the plaintiff Lucy T. St. Clair alleged that on September 27, 1890, she purchased of the defendant S. H. Sedgwick 150 acres of land in York county, Nebraska, which land was fully described in the petition; that by virtue of said purchase the said Sedgwick agreed to deliver the possession of said real estate to plaintiff on or before March 1, 1891, as evidenced by a deed of conveyance on that date executed by Samuel H. Sedgwick and his wife to the plaintiff; that at the last mentioned date the co-defendants of Samuel H. Sedgwick were in possession of the real property so conveyed as lessees of said Sedgwick, their rights as lessees being limited in duration to the 1st of March aforesaid, and that at the time of the aforesaid purchase it was agreed by the said Samuel H. Sedgwick that he would commit no waste upon said premises, and that he would not cut down or destroy any fruit, shade, or ornamental trees standing upon said premises. Plaintiff further alleged that she became the owner of certain nursery stock on the premises aforesaid before the date of the conveyance above referred to, and that since said conveyance, and before the commencement of this action, she had paid the full purchase price for said nursery stock and had paid in full for the said real estate; that defendants, having unlawfully combined for that purpose, had cut down and removed many valuable growing trees from the premises aforesaid, and had threatened to, and if not restrained would still continue to cut down, destroy, and remove trees and vines from said premises, to the great and irreparable injury of the plaintiff. It was further alleged by the plaintiff that the co-defendants of said Samuel H. Sedgwick having refused to give up to plaintiff the possession of the buildings on said premises on March 1, 1891, plaintiff served notice upon them to quit said premises, and upon their continued refusal thereafter to yield possession to her the plaintiff

begun an action of forcible entry and detainer before the county. judge of York county aforesaid for such possession, and that the trial of said cause for the forcible entry and detainer of said· property was, upon the application of said defendants, procured to be continued thirty days from March 16, 1891, the date set for the trial thereof, and that the prolongation of the litigation of said forcible entry and detainer case was with the view to further the common unlawful designs of the defendants as against the rights of plaintiff. This petition closed with a prayer for a temporary injunction restraining the defendants from cutting down trees upon said premises; from burning up or hauling away any of the timber or wood, or fuel already cut; from selling or disposing of any of said timber, and from intermeddling in any way with any of the trees, timber, wood, or personal property of the plaintiff; and from preventing the plaintiff or her agents from cultivating the nursery stock on the premises, and from handling the same, and from preventing plaintiff from going on said premises for the purpose of such cultivation and the removing of said nursery stock and wood, and that upon a final hearing the injunction should be made perpetual, and that the plaintiff should be decreed such further relief as might be just and equitable.

The answers filed need no notice except that to which attention is now directed.

With varying degrees of directness as to each averment of the petition the several allegations thereof were denied by defendant Sedgwick's answer, by whom it was also denied that the nursery stock had been fully paid for; that there was a combination between defendants for any purpose; that defendant Sedgwick had instigated any one to commit waste or damage on the premises in dispute; and that said Sedgwick proposed or intended any unlawful act. The answer further alleged that no trees had been cut down by defendants of more than the value of $8 or $10 in the ag-

gregate, and that the removal of such as had been cut was not a damage, but a benefit, and necessary to the use of the premises in question ; that defendant Sedgwick, on July 3, 1890, was the owner of the nursery stock on the premises in question, and on that date, by a written memorandum of agreement between himself and Emmet L. St. Clair, husband of the plaintiff, sold to Emmet L. St. Clair the nursery stock on the premises for the sum of $1,300, of which $910 had been paid at the time this action was brought, and that by the terms of said memorandum defendant Sedgwick was entitled to the possession of said nursery stock until the purchase price thereof should be fully paid. The answer further admitted the commencement by plaintiff of the forcible entry and detainer action as alleged in plaintiff's petition, and that the trial of the same had been postponed upon such a showing by the defendants therein, as said defendants had a right to make; and the answer alleged that subsequently judgment was rendered against said defendants in said forcible entry and detainer case, which judgment had been superseded by the defendants, pending error proceedings which they had begun in the district court of York county, which proceedings had not at the time of the filing of defendants' answer been yet determined. This answer closed with the following prayer: " Wherefore this answering defendant prays that the injunction heretofore granted in this case may be dissolved, and that he may have a decree of this court finding, ascertaining, and stating the amount of his lien upon the aforesaid nursery stock, and decreeing that the said nursery stock may be sold as the law provides, and out of the proceeds thereof that this answering defendant may be paid the amount found due him thereon and his costs herein expended, and for a temporary order of injunction restraining the plaintiff, her agents or attorneys, from taking, disposing of, or interfering with the said nursery stock, or any part thereof, without paying to this defendant the

amount of his aforesaid lien thereon and the costs herein, and that upon a trial of this action the said injunction may be made perpetual, and that the said plaintiff, her agents and attorneys, may be restrained from trespassing on the aforesaid premises, or any part thereof, during the pendency of this action, and that upon the final trial said injunction may be made perpetual, and for such further relief as may be just and equitable." The allegations of the answer upon which was predicated the right of the defendant Sedgwick to affirmative relief were denied in a reply filed by the plaintiff.

Upon final hearing the court found the facts and decreed the relief following: "The court, being fully advised in the premises, doth find for the defendants on the issues joined between the parties. The court further finds that the defendants, nor any of them, have not heretofore nor is there danger that they will commit any waste upon the premises or property mentioned in plaintiff's petition. It is therefore considered by the court that the plaintiff's petition be dismissed and the said injunction be dissolved and that the defendants as to said petition go hence without day; * * * and upon consideration of the answer and cross-petition of the defendant Samuel H. Sedgwick, and the answer thereto, and the reply, and the evidence introduced by the parties, the court finds the issues thereon in favor of the defendant Samuel H. Sedgwick, and that there is due from the defendant Emmet L. St. Clair to the defendant Samuel H. Sedgwick on the cause of action set forth in said answer and cross-petition, after allowing upon said cause of action the value of the colt described in the pleadings herein, and the value of that part of the nursery stock taken and appropriated by the defendant Samuel H. Sedgwick, and all just credits, the sum of $260, and that the defendant has a lien in the said sum of $260 upon the nursery stock described in said cross-petition, in the nature of a chattel mortgage, and is by virtue of said lien entitled

to the possession of the same, and has remained in possession, and is now in possession of said nursery stock and entitled to have said property sold to satisfy the same; and that prior to the commencement of this action the defendant Emmet L. St. Clair transferred said nursery stock to the plaintiff in this action, and the plaintiff took the same with full knowledge of said interest and lien of said defendant Samuel H. Sedgwick. The court further finds that the said property is of such nature as to make removal of the same detrimental to the value thereof. It is therefore considered by the court that the defendant Samuel H. Sedgwick recover from the defendant Emmet L. St. Clair the sum of $260 and his costs, and that the same bear interest at eight per cent per annum; and in case said sum is not paid for forty days, then an order of sale will be issued to the sheriff of said county commanding him to sell said property as upon execution, and the said sheriff is authorized in his discretion to sell the said property where the same now is."   *   *   *

A careful examination of all the evidence shows that the principal matters in controversy were, first, the right and intention to cut trees from the premises; and, second, the right to hold possession of the nursery stock for payment of the amount due Mr. Sedgwick as part of the purchase price thereof. There was, of course, evidence that Mr. Sedgwick permitted, and that his co-defendants removed valuable ash and other trees from the premises, some of which trees were two or three feet in diameter at the butt, and that such as were removed were thrifty trees of great present, and of still greater prospective, value. On the other hand, the testimony was that the trees cut were not such as were thrifty or growing trees, but were in the highway or such as the Blue river was very likely to cut under and carry away, and that these latter trees were removed at the particular time at which they were because the ice then gave an unusual opportunity so to do by reason of its great

thickness and strength, and that when there was no ice there was no way by which said trees could be cut and removed because of their overhanging the river. It was testified that the cutting and removal of most of such trees as were cut and removed rather increased the value of the premises in controversy than lessened it. It was not even claimed that the chief defendant, Samuel H. Sedgwick, was insolvent, nor was there any reason shown why full compensation could not be collected in a suit against Sedgwick for such damages as the petition alleged, provided the proofs had sustained such allegations. The trial court found the facts in favor of the defendant upon the conflicting evidence above referred to, and there exists no reason for setting aside such finding as to the facts contested.

As to the nursery stock, the written memorandum introduced in evidence showed that Mr. Sedgwick was entitled to the possession of it until the purchase price thereof had been fully paid. While it was testified by Mr. and Mrs. St. Clair that the balance due for the nursery stock was included in the mortgage given by them for the premises, yet upon this point they were squarely contradicted by Mr. Sedgwick, whose statements were corroborated by a written memorandum signed by Mr. and Mrs. St. Clair and himself, in which the several amounts making up the mortgage referred to were set forth in detail. This finding of the district court was, therefore, fully justified by the evidence upon the proposition last discussed.

These considerations dispose of all questions arising upon the record, and the judgment of the district court is

AFFIRMED.